**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GENERAL MOTORS LLC AND GM GLOBAL TECHNOLOGY OPERATIONS LLC, | |
| *Plaintiffs,* | C.A. No.: |
| v. | **JURY TRIAL DEMANDED** |
| MITCHELL INTERNATIONAL, INC. | |
| *Defendant.* | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs General Motors LLC ("GM LLC") and General Motors Global Technology Operations LLC ("GM GTO") (collectively "GM" or "Plaintiffs"), by and through their attorneys, bring this Complaint for patent infringement and demand for jury trial against Mitchell International, Inc. ("Mitchell" or "Defendant"). GM alleges as follows:

### OVERVIEW

1. GM is one of the largest automotive vehicle manufacturers and innovators in the world. To protect its innovation, GM has obtained design patents on the ornamental design of its innovative vehicle parts.

2. Mitchell sells and/or offers to sell infringing copy parts made by overseas manufacturers and imported into the United States, thereby infringing GM's patents.

3. GM brings this lawsuit to protect its intellectual property and stop Mitchell's widespread infringement.

### THE PARTIES

4. GM LLC is a Delaware limited liability company with its principal place of business at 300 Renaissance Center, Detroit, MI, 48265.

1

5.      GM GTO is a Delaware limited liability company with its principal place of business located at 300 Renaissance Center, Detroit, MI 48265.

6.      GM GTO is the assignee of the Patents-in-Suit.

7.      GM LLC is the sole licensee of the Patents-in-Suit.

8.      On information and belief, Mitchell is a Delaware corporation with a place of business at 9771 Clairemont Mesa Blvd., Ste. A, San Diego, CA 92124.

## JURISDICTION AND VENUE

9.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  Subject matter jurisdiction over the asserted causes of actions before this Court is, therefore, proper and founded upon 28 U.S.C. §§ 1331 and 1338.

10.      The Court has personal jurisdiction over Mitchell at least because, on information and belief, Mitchell in incorporated in Delaware, sells, and/or offers to sell infringing products in the United States and the District of Delaware, has continuous and systematic business in the District of Delaware, and/or solicits business from residents of the District of Delaware.  For example, Mitchell advertises online that it has a Collision Repair Sales Representative for supporting Delaware sales:



**Delaware**

**Sheri Stoltzfus**

**Solutions Advisor**

858.368.7263

sheri.stoltzfus@mitchell.com

*See* https://www.mitchell.com/contact/sales-rep-search (last accessed January 14, 2026)

11.     Venue is proper in this Mitchell under 28 U.S.C. § 1400(b) because it has offered to sell or sold products accused of infringement to actual or potential customers located in this District and is incorporated in this District, as alleged above.

## FACTUAL BACKGROUND

12.     For over a century, GM has been at the forefront of the design of unique automotive vehicles, creating innovative and aesthetically beautiful designs.  GM manages a team of hundreds of designers globally, investing millions of dollars annually in the design of its products.

13.     GM, through GM GTO, invests heavily in the protection of the unique and innovative ornamental features embodied in its vehicles and the component parts of those vehicles, and has applied for and received over a thousand issued U.S. Design Patents.

14.     GM's design patents include United States Design Patent Nos.  D749,997 ("the '997 patent"); D792,815 ("the '815 patent"); D792,816 ("the '816 patent"); D793,301 ("the '301 patent"); D828,247 ("the '247 patent"); D828,248 ("the '248 patent"); D828,256 ("the '256 patent"); D847,703 ("the '703 patent"); D848,318 ("the '318 patent"); D856,874 ("the '874 patent"); D818,406 ("the '406 patent"); D826,114 ("the '114 patent"); D843,025 ("the '025 patent"); D883,155 ("the '155

patent"); D902,807 ("the '807 patent"); D930,533 ("the '533 patent"); D859,239 ("the '239 patent"); D848,647 ("the '647 patent"); D826,803 ("the '803 patent") (collectively, the "Asserted Patents").

15.     The Asserted Patents are attached as Exhibits 1-19.

16.     The Asserted Patents are practiced by iconic GM vehicles such as the Chevrolet Colorado, Chevrolet Silverado, GMC Sierra, Chevrolet Traverse, and Chevrolet Malibu, as well as GM Genuine Parts used as replacement parts for those vehicles.

17.     GM has complied with the relevant marking provisions of 35 U.S.C. § 287 by marking its products with the website https://www.gmparts.com/gm-part-design-patents, which lists the Asserted Patents alongside the products they cover.  As a result, on information and belief, Mitchell had presuit knowledge of the Asserted Patents.

18.     Mitchell is in the business of selling and/or offering for sale copy parts that have been manufactured abroad and imported into the United States.  On information and belief, Mitchell provides software that connects insurers, repair shops, and parts suppliers so that a customer can receive an estimate of how much it will cost to repair a damaged vehicle and buy repair parts. Mitchell's products, including Mitchell Cloud Estimating, integrate "instant access to accurate, up-to-date parts availability and pricing" that allows its customers to "[e]asily order parts electronically" and create purchase orders to be sent to any suppliers.  One supplier that Mitchell works with to infringe GM's patents is LKQ Corporation and Keystone Automotive Industries, Inc. (collectively, "LKQ").

19.     On information and belief, Mitchell through its purchasing software, sells, offers for sale, and/or induces customers to purchase Accused Products.

20.     The Accused Products are intended and designed to be substitutable with GM Genuine Parts and are intended to be copies of GM Genuine Parts.

21.     Mitchell directly infringes, and/or indirectly infringes the Asserted Patents in violation of 35 U.S.C. §§ 271(a), (b), and/or (c), as described in further detail below.

22.     Mitchell directly infringes because, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Accused Products is substantially the same as the designs embodied in the Asserted Patents, and the resemblance is such as to deceive such an observer, inducing him or her to purchase the Accused Products.

23.     Mitchell infringes the Asserted Patents under 35 U.S.C. § 271(b), for example, by providing software that connects repair shops with distributors—such as LKQ—to import, use, sell, and/or offer to sell the Accused Products in the United States.

24.     Mitchell also indirectly infringes the Asserted Patents under 35 U.S.C. § 271(c). For example, automotive parts may be provided as components.  Bumpers for certain vehicles are illustrative: on occasion, a step pad for a bumper may be sold separately from a larger bumper scaffold on which the step pad is placed.  Components may be combined into a replacement part or placed into an existing vehicle, thus infringing an Asserted Patent.

25.     On information and belief, Mitchell is involved in selling and/or offering to sell components of Accused Products to repair shops and end users.  By facilitating these component sales to repair shops and/or end users, Mitchell encourages the repair shops and/or end users to directly infringe the Asserted Patents by selling, offering to sell, and/or using the Accused Products.  Mitchell knows each component provided is a material part of the claimed design, is especially made and especially adapted for use in each claimed design, and that there is no substantial non-infringing use for each infringing component.

26.     Specific instances of infringement are further detailed below.

## COUNT I

### Infringement of U.S. Patent No. D749,997

27.     The '997 patent is assigned to GM GTO.

28.     The '997 patent is presumed valid and enforceable.

29.     Part No. GM1103180DSC[1] was purchased in the United States.

30.     Part No. GM1103180DSC is sold and/or offered for sale on the Mitchell purchasing platform.

31.     Part No. GM1103180DSC is exemplary and does not limit the Accused Products.

32.     Part No. GM1103180DSC infringes because it is substantially similar to the design claimed in the '997 patent.  A claim chart is attached as Exhibit 20.

33.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '997 patent; has disregarded an objectively high likelihood of infringement of the '997 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

34.     Mitchell's conduct, including its infringement of the '997 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II

### Infringement of U.S. Patent No. D792,815

35.     The '815 patent is assigned to GM GTO.

36.     The '815 patent is presumed valid and enforceable.

---

[1] Certain part numbers used herein contain a suffix (e.g., "DSC" or "C") that denotes various additional certifications that are immaterial to the ornamental design of the particular part.

37.     Part No. GM1002861DSC was purchased in the United States.

38.     Part No. GM1002861DSC is sold and/or offered for sale on the Mitchell purchasing platform.

39.     Part No. GM1002861DSC is exemplary and does not limit the Accused Products.

40.     Part No. GM1002861DSC infringes because it is substantially similar to the design claimed in the '815 patent.  A claim chart is attached as Exhibit 21.

41.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '815 patent; has disregarded an objectively high likelihood of infringement of the '815 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

42.     Mitchell's conduct, including its infringement of the '815 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT III

### Infringement of U.S. Patent No. D792,816

43.     The '816 patent is assigned to GM GTO.

44.     The '816 patent is presumed valid and enforceable.

45.     Part No. GM1002869C was purchased in the United States.

46.     Part No. GM1002869C is sold and/or offered for sale on the Mitchell purchasing platform.

47.     Part No. GM1002869C is exemplary and does not limit the Accused Products.

48.     Part No. GM1002869C infringes because it is substantially similar to the design claimed in the '816 patent.  A claim chart is attached as Exhibit 22.

49.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '816 patent; has disregarded an objectively high likelihood of infringement of the '816 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights. Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

50.     Mitchell's conduct, including its infringement of the '816 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT IV

### Infringement of U.S. Patent No. D793,301

51.     The '301 patent is assigned to GM GTO.

52.     The '301 patent is presumed valid and enforceable.

53.     Part No. GM1015135PP was purchased in the United States.

54.     Part No. GM1015135PP is sold and/or offered for sale on the Mitchell purchasing platform.

55.     Part No. GM1015135PP is exemplary and does not limit the Accused Products.

56.     Part No. GM1015135PP infringes because it is substantially similar to the design claimed in the '301 patent. A claim chart is attached as Exhibit 23.

57.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '301 patent; has disregarded an objectively high likelihood of infringement of the '301 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights. Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

58.     Mitchell's conduct, including its infringement of the '301 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT V

### Infringement of U.S. Patent No. D828,247

59.     The '247 patent is assigned to GM GTO.

60.     The '247 patent is presumed valid and enforceable.

61.     Part No. GM1230475C was purchased in the United States.

62.     Part No. GM1230475C is sold and/or offered for sale on the Mitchell purchasing platform.

63.     Part No. GM1230475C is exemplary and does not limit the Accused Products.

64.     Part No. GM1230475C infringes because it is substantially similar to the design claimed in the '247 patent.  A claim chart is attached as Exhibit 24.

65.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '247 patent; has disregarded an objectively high likelihood of infringement of the '247 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

66.     Mitchell's conduct, including its infringement of the '247 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VI

### Infringement of U.S. Patent No. D828,248

67.     The '248 patent is assigned to GM GTO.

68.     The '248 patent is presumed valid and enforceable.

69.     Part No. GM1230477C was purchased in the United States.

70.     Part No. GM1230477C is sold and/or offered for sale on the Mitchell purchasing platform.

71.     Part No. GM1230477C is exemplary and does not limit the Accused Products.

72.     Part No. GM1230477C infringes because it is substantially similar to the design claimed in the '248 patent.  A claim chart is attached as Exhibit 25.

73.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '248 patent; has disregarded an objectively high likelihood of infringement of the '248 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

74.     Mitchell's conduct, including its infringement of the '248 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VII

### Infringement of U.S. Patent No. D828,256

75.     The '256 patent is assigned to GM GTO.

76.     The '256 patent is presumed valid and enforceable.

77.     Part No. GM1240413C was purchased in the United States.

78.     Part No. GM1240413C is sold and/or offered for sale on the Mitchell purchasing platform.

79.     Part No. GM1240413C is exemplary and does not limit the Accused Products.

80.     Part No. GM1240413C infringes because it is substantially similar to the design claimed in the '256 patent.  A claim chart is attached as Exhibit 26.

81.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '256 patent; has disregarded an objectively high likelihood of infringement of the '256 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

82.     Mitchell's conduct, including its infringement of the '256 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VIII

## Infringement of U.S. Patent No. D847,703

83.     The '703 patent is assigned to GM GTO.

84.     The '703 patent is presumed valid and enforceable.

85.     Part No. GM1102577DSC was purchased in the United States.

86.     Part No. GM1102577DSC is sold and/or offered for sale on the Mitchell purchasing platform.

87.     Part No. GM1102577DSC is exemplary and does not limit the Accused Products.

88.     Part No. GM1102577DSC infringes because it is substantially similar to the design claimed in the '703 patent.  A claim chart is attached as Exhibit 27.

89.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '703 patent; has disregarded an objectively high likelihood of infringement of the '703 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

90.    Mitchell's conduct, including its infringement of the '703 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT IX

### Infringement of U.S. Patent No. D848,318

91.    The '318 patent is assigned to GM GTO.

92.    The '318 patent is presumed valid and enforceable.

93.    Part No. GM1014134C was purchased in the United States.

94.    Part No. GM1014134C is sold and/or offered for sale on the Mitchell purchasing platform.

95.    Part No. GM1014134C is exemplary and does not limit the Accused Products.

96.    Part No. GM1014134C infringes because it is substantially similar to the design claimed in the '318 patent.  A claim chart is attached as Exhibit 28.

97.    Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '318 patent; has disregarded an objectively high likelihood of infringement of the '318 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

98.    Mitchell's conduct, including its infringement of the '318 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT X

### Infringement of U.S. Patent No. D856,874

99.    The '874 patent is assigned to GM GTO.

100.    The '874 patent is presumed valid and enforceable.

101.    Part No. GM1002874DSC was purchased in the United States.

102.    Part No. GM1002874DSC is sold and/or offered for sale on the Mitchell purchasing platform.

103.    Part No. GM1002874DSC is exemplary and does not limit the Accused Products.

104.    Part No. GM1002874DSC infringes because it is substantially similar to the design claimed in the '874 patent.  A claim chart is attached as Exhibit 29.

105.    Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '874 patent; has disregarded an objectively high likelihood of infringement of the '874 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

106.    Mitchell's conduct, including its infringement of the '874 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XI

### Infringement of U.S. Patent No. D818,406

107.    The '406 patent is assigned to GM GTO.

108.    The '406 patent is presumed valid and enforceable.

109.    Part No. GM1241409C was purchased in the United States.

110.    Part No. GM1241409C is sold and/or offered for sale on the Mitchell purchasing platform.

111.    Part No. GM1241409C is exemplary and does not limit the Accused Products.

112.    Part No. GM1241409C infringes because it is substantially similar to the design claimed in the '406 patent.  A claim chart is attached as Exhibit 30.

113.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '406 patent; has disregarded an objectively high likelihood of infringement of the '406 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

114.     Mitchell's conduct, including its infringement of the '406 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

**COUNT XII**

**Infringement of U.S. Patent No. D826,114**

115.     The '114 patent is assigned to GM GTO.

116.     The '114 patent is presumed valid and enforceable.

117.     Part No. GM1000A37 was purchased in the United States.

118.     Part No. GM1000A37 is sold and/or offered for sale on the Mitchell purchasing platform.

119.     Part No. GM1000A37 is exemplary and does not limit the Accused Products.

120.     Part No. GM1000A37 infringes because it is substantially similar to the design claimed in the '114 patent.  A claim chart is attached as Exhibit 31.

121.     Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '114 patent; has disregarded an objectively high likelihood of infringement of the '114 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

122.   Mitchell's conduct, including its infringement of the '114 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XIII

### Infringement of U.S. Patent No. D843,025

123.   The '025 patent is assigned to GM GTO.

124.   The '025 patent is presumed valid and enforceable.

125.   Part No. GM2502498C was purchased in the United States.

126.   Part No. GM2502498C is sold and/or offered for sale on the Mitchell purchasing platform.

127.   Part No. GM2502498C is exemplary and does not limit the Accused Products.

128.   Part No. GM2502498C infringes because it is substantially similar to the design claimed in the '025 patent.  A claim chart is attached as Exhibit 32.

129.   Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '025 patent; has disregarded an objectively high likelihood of infringement of the '025 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

130.   Mitchell's conduct, including its infringement of the '025 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVI

### Infringement of U.S. Patent No. D883,155

131.   The '155 patent is assigned to GM GTO.

132.   The '155 patent is presumed valid and enforceable.

133.    Part No. GM1240422C was purchased in the United States.

134.    Part No. GM1240422C is sold and/or offered for sale on the Mitchell purchasing platform.

135.    Part No. GM1240422C is exemplary and does not limit the Accused Products.

136.    Part No. GM1240422C infringes because it is substantially similar to the design claimed in the '155 patent.  A claim chart is attached as Exhibit 33.

137.    Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '155 patent; has disregarded an objectively high likelihood of infringement of the '155 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

138.    Mitchell's conduct, including its infringement of the '155 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

### COUNT XV

### Infringement of U.S. Patent No. D902,807

139.    The '807 patent is assigned to GM GTO.

140.    The '807 patent is presumed valid and enforceable.

141.    Part No. GM1230483C was purchased in the United States.

142.    Part No. GM1230483C is sold and/or offered for sale on the Mitchell purchasing platform.

143.    Part No. GM1230483C is exemplary and does not limit the Accused Products.

144.    Part No. GM1230483C infringes because it is substantially similar to the design claimed in the '807 patent.  A claim chart is attached as Exhibit 34.

145.    Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '807 patent; has disregarded an objectively high likelihood of infringement of the '807 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

146.    Mitchell's conduct, including its infringement of the '807 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVI

### Infringement of U.S. Patent No. D930,533

147.    The '533 patent is assigned to GM GTO.

148.    The '533 patent is presumed valid and enforceable.

149.    Part No. GM1240418C was purchased in the United States.

150.    Part No. GM1240418C is sold and/or offered for sale on the Mitchell purchasing platform.

151.    Part No. GM1240418C is exemplary and does not limit the Accused Products.

152.    Part No. GM1240418C infringes because it is substantially similar to the design claimed in the '807 patent.  A claim chart is attached as Exhibit 35.

153.    Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '533 patent; has disregarded an objectively high likelihood of infringement of the '533 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

154.    Mitchell's conduct, including its infringement of the '533 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVII

### Infringement of U.S. Patent No. D859,239

155.    The '239 patent is assigned to GM GTO.

156.    The '239 patent is presumed valid and enforceable.

157.    Part No. GM1102569DSC was purchased in the United States.

158.    Part No. GM1102569DSC is sold and/or offered for sale on the Mitchell purchasing platform.

159.    Part No. GM1102569DSC is exemplary and does not limit the Accused Products.

160.    Part No. GM1102569DSC infringes because it is substantially similar to the design claimed in the '239 patent.  A claim chart is attached as Exhibit 36.

161.    Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '239 patent; has disregarded an objectively high likelihood of infringement of the '239 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

162.    Mitchell's conduct, including its infringement of the '239 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XVIII

### Infringement of U.S. Patent No. D848,647

163.    The '647 patent is assigned to GM GTO.

164.    The '647 patent is presumed valid and enforceable.

165. Part No. GM2502497C was purchased in the United States. Part No. GM2502497C is representative of at least Part Nos. GM2502500, GM2503497, and GM2503500.

166. Part No. GM2502500 is sold and/or offered for sale on the Mitchell purchasing platform.

167. Part No. GM2502500 is exemplary and does not limit the Accused Products.

168. Part No. GM2502500 infringes because it is substantially similar to the design claimed in the '647 patent. A claim chart is attached as Exhibit 37.

169. Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '647 patent; has disregarded an objectively high likelihood of infringement of the '647 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights. Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

170. Mitchell's conduct, including its infringement of the '647 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT XIX

### Infringement of U.S. Patent No. D826,803

171. The '803 patent is assigned to GM GTO.

172. The '803 patent is presumed valid and enforceable.

173. Part No. GM1015152C was purchased in the United States.

174. Part No. GM1015152C is sold and/or offered for sale on the Mitchell purchasing platform.

175. Part No. GM1015152C is exemplary and does not limit the Accused Products.

176.    Part No. GM1015152C infringes because it is substantially similar to the design claimed in the '803 patent.  A claim chart is attached as Exhibit 38.

177.    Upon information and belief, as described above, Mitchell engaged in infringing acts related to the '803 patent; has disregarded an objectively high likelihood of infringement of the '803 patent; and has acted, and continues to act, willfully, wantonly, and in deliberate disregard of GM's rights.  Mitchell's willful infringement entitles GM to enhanced damages in accordance with 35 U.S.C. § 284.

178.    Mitchell's conduct, including its infringement of the '803 patent, is exceptional and entitles GM to attorneys' fees and costs under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, GM demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, GM respectfully requests the following relief:

(1)    That Defendant has infringed and continue to infringe the Asserted Patents;

(2)    That GM recover all damages to which it is entitled, including under 35 U.S.C. § 289, but in no event less than a reasonable royalty;

(3)    That GM, as the prevailing party, shall recover from Defendant all taxable costs of court;

(4)    That GM recover from Defendant all pre- and post-judgment interest on the damages award, calculated at the highest rates allowed by law;

(5)    That Defendant's conduct was willful and that GM should therefore recover treble damages;

(6)    That this case is exceptional and that GM shall therefore recover its attorneys' fees and other recoverable expenses, under 35 U.S.C. § 285; and

(7)    That GM shall recover such other and further relief as the Court deems appropriate.


Dated:  February 3, 2026                    Respectfully submitted,

                                            */s/ Nitika Gupta Fiorella*
                                            Nitika Gupta Fiorella #5898
                                            fiorella@fr.com
                                            **FISH & RICHARDSON P.C.**
                                            222 Delaware Avenue, 17th Floor
                                            Wilmington, DE 19801
                                            Telephone:  (302) 652-5070

                                            Michael J. McKeon (*pro hac vice* forthcoming)
                                            mckeon@fr.com
                                            Christian A. Chu (*pro hac vice* forthcoming)
                                            chu@fr.com
                                            John J. Thuermer (*pro hac vice* forthcoming)
                                            thuermer@fr.com
                                            Joshua P. Carrigan (*pro hac vice* forthcoming)
                                            carrigan@fr.com
                                            **FISH & RICHARDSON P.C.**
                                            1000 Maine Ave., SW, Suite 1000
                                            Washington, D.C. 20024
                                            Telephone:  (202) 783-5070

                                            Joseph A. Herriges (*pro hac vice* forthcoming)
                                            herriges@fr.com
                                            **FISH & RICHARDSON P.C.**
                                            60 South 6th Street, Suite 3200
                                            Minneapolis, MN 55402
                                            Telephone:  (612) 335-5070

Leeron G. Kalay (*pro hac vice* forthcoming)
kalay@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone:  (650) 839-5070

Jacqueline T. Moran (*pro hac vice*
forthcoming)
jtmoran@fr.com
**FISH & RICHARDSON P.C.**
909 Fannin Street, Suite 2100
Houston, Texas 77002
Telephone:  (713) 654-5300

Ethan J. Rubin, (*pro hac vice* forthcoming)
erubin@fr.com
**FISH & RICHARDSON P.C.**
One Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone:  (617) 542-5070

**COUNSEL FOR PLAINTIFFS
GENERAL MOTORS LLC AND GM GLOBAL
TECHNOLOGY OPERATIONS LLC**